**U.S. BANKRUPTCY COURT**
**DISTRICT OF OREGON**
**F I L E D**
Clerk, U.S. Bankruptcy Court

December 2, 2004

## Below is an order of the Court.

*[signature]*
**U.S. Bankruptcy Judge**

NADWA (1/28/04) ljr

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re
 **Mark Lewis Herman,** xxx–xx–0584
Debtor(s)

) Case No. **04–39032–rld7**
)
) CHAPTER 7 ORDER RE:
) DISCHARGE OF DEBTOR(S),
) DISCHARGING TRUSTEE,
) AND CLOSING "NO ASSET"
) ESTATE
)

It appearing that on 8/20/04 a bankruptcy petition was filed by the debtor(s); timely complaints filed pursuant to 11 USC §523(a) could be pending and the court could still order that any affected debt is nondischargeable, however no complaint objecting to the debtor's discharge pursuant to 11 USC §727 was timely filed (or such complaint was filed, and after due notice and hearing, was not sustained); and therefore,

**IT IS ORDERED** that the following provisions shall become effective, without further order, on the 21st day **after** the above "FILED" date of 12/2/04:

1. The debtor(s) shall be granted a discharge under §727 of Title 11, United States Code (the Bankruptcy Code).

2. Each of the debtor's timely filed reaffirmation agreements was accompanied by an attorney's declaration, and is therefore deemed enforceable (though subject to rescission) without the necessity of the debtor's attendance at a formal hearing. The information required by 11 USC §524(d) is provided on the back of this document and shall be immediately reviewed by the debtor(s).

3. The trustee's trust is discharged and relieved; the trustee's bond is cancelled and any surety thereon released from further liability thereunder, except any liability which may have accrued during the time such bond was in effect; this estate is closed; the case is closed; and the court shall retain jurisdiction over any adversary proceeding(s) pending at the time of closure.

### EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as a debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

<u>Collection of Discharged Debts Prohibited.</u> The discharge prohibits any attempt to collect from a debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. (If applicable there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.) A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

 However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

Page 1 of 2            IMPORTANT: Debtors must IMMEDIATELY READ the back of this document!

7

<u>Debts that are Discharged.</u> The Chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to Chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

<u>Debts that are Not Discharged.</u> Some of the common types of debts which are <u>not</u> discharged in a Chapter 7 bankruptcy case are:
   a. Debts for most taxes;
   b. Debts that are in the nature of alimony, maintenance, or support;
   c. Debts for most student loans;
   d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
   e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;
   f. Some debts which were not properly listed by the debtor;
   g. Debts the bankruptcy court specifically has decided or will decide in this case are not discharged;
   h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

### NOTICE TO DEBTORS REGARDING REAFFIRMATION AGREEMENTS
### ACCOMPANIED BY AN ATTORNEY DECLARATION PER 11 USC §524(d)

You have been granted a bankruptcy discharge effective 21 days from 12/2/04. Your discharge stops most of your creditors from attempting to collect debts you incurred prior to filing bankruptcy. Certain debts may not be discharged, as explained more fully in a memorandum on discharge and dischargeability normally made available to you at the 341(a) meeting of creditors.

Also, bankruptcy will not stop a secured creditor whose lien is not avoided during this case from repossessing its collateral if you fail to make the payments and perform your other obligations under the security agreement.

You may have entered into reaffirmation agreement(s) with the help of an attorney who filed a declaration stating the agreement(s) will not be an undue hardship on you or your dependent(s). A reaffirmation agreement is one made with a creditor after filing bankruptcy to pay a pre–bankruptcy debt. The purpose of this notice is to give you the advice required by law.

You are advised the law does not require you to reaffirm anything if it is not to your advantage. If you have reaffirmed any unsecured debts or have agreed to reaffirm a debt for an amount greater than the value of the collateral securing the debt, such agreement is probably not in your best interest unless it is in settlement of a dispute regarding the dischargeability of that debt. The reason is that you are exposing yourself to a lawsuit and collection through legal process if you fail to pay, without gaining any particular advantage. You can voluntarily pay the debt without reaffirming it, and then if you find that your circumstances change and you are unable to pay you will be protected from collection efforts by your bankruptcy discharge.

If you have entered into a reaffirmation agreement with any of your creditors, you have the absolute right to rescind or cancel that agreement if the rescission is done in a timely manner. You can rescind within 20 days from 12/2/04, or within 60 days after the agreement is filed with the court, whichever is later. Rescission can best be accomplished by furnishing to the Clerk of the Bankruptcy Court, before the deadline for rescinding, a written statement that you are rescinding the agreement and that you have mailed a copy to the creditor.

Remember, if you have entered into an enforceable reaffirmation agreement and fail to rescind the agreement by the deadline, you will have lost the benefit of bankruptcy as to that particular debt. If you later default under the agreement, the creditor will have all the rights provided to it by law, including, but not limited to, the right to repossess, foreclose and sue you for any balance still owing.

If you have any questions, you should call your attorney.

###